UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERENCE FOGGY,

    Plaintiff,

v.

TOMLINSON et al.,

    Defendants.
_____/

Case No. 25-14209
Hon. Jonathan J.C. Grey

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS (ECF No. 2) AND DISMISSING COMPLAINT (ECF No. 1)**

**I.    BACKGROUND**

On December 31, 2025, pro se Plaintiff Terence Foggy filed this case in which he sues Judge John Tomlinson,[1] the 31st Circuit Court of St. Clair County, the County of St. Clair, St. Clair County Friend of Court, and Mattie Theison. (ECF No. 1.) Foggy also filed an application to proceed without prepaying fees or costs. (ECF No. 2.)

For the following reasons, the Court **GRANTS** Foggy's application to proceed without prepaying fees or costs and **DISMISSES** the complaint for failure to state a claim on which relief may be granted.

---

[1] Judge John Tomlinson is a St. Clair County Probate Court judge.

## II.     BACKGROUND

A custody dispute between Foggy and Theison underlies this cause of action. (*See* ECF No. 1, PageID.5 ("The case started with a[n] argument between me and baby mama Mattie Theison and she called me a [racial slur] and then pushed play on her voice recorder . . . I said plenty of harsh words to her that w[ere] caught on her voice recorder . . . she filed a police report").) Foggy alleges that, during subsequent family court proceedings, he raised Theison's use of a racial slur; however, Theison's language did not change Judge Tomlinson's custody determination, which included requiring Foggy to attend parenting and anger management classes as well as supervised visitation. (*Id.*, PageID.6.)

Additionally, Foggy states that "the court also granted [Theison] a PPO and without any violence toward her but the fact that she assumed my behavior was threatening." (*Id.*) Foggy asserts that he appealed both the PPO and custody determination. (*Id.*, PageID.7.) Further, he states that: (1) he has filed judicial grievances "that got shut down," (2) "Judge Tomlinson and [Chief] Judge West both have the same kind of complaints on them from several of other people[,] and [(3)] the DOJ and the Feds have had investigations on both of them." (*Id.*, PageID.7–8.) Foggy claims

2

that Theison "was never scared of [him]" and that "the whole premise behind this whole case is that [Theison] just wanted a kid to raise with her [partner] and [has used] the courts and her white privilege to do so." *(Id.*, PageID.8–9.)

### III. LEGAL STANDARDS

Under 28 U.S.C. § 1915, the Court may allow a person to proceed without prepayment of fees or costs, i.e., in forma pauperis. However, the Court is required to review each case for summary dismissal if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To determine whether this matter states a claim on which relief may be granted, the Court applies the Federal Rule of Civil Procedure 12(b)(6) standard. Therefore, the Court must assess whether the complaint alleges facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 570 (2007). When assessing a complaint under Rule 12(b)(6), the Court must give the plaintiff the benefit of the doubt and must accept all the complaint's factual allegations as true. *Keys v. Humana, Inc.*, 684 F.3d

3

605, 608 (6th Cir. 2012). Though a plaintiff is not required to include detailed factual allegations, he must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court will not presume the truth of any legal conclusions stated in the complaint. *Id.* If the pleaded facts do not raise a right to relief, the Court must dismiss the complaint. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## IV. ANALYSIS

### A. Application to Proceed in Forma Pauperis

In reviewing Foggy's application to proceed in forma pauperis, the Court finds that he is unable to prepay the filing fee. (ECF No. 2.) Thus, the Court **GRANTS** his application to proceed in forma pauperis under 28 U.S.C. § 1915.

### B. Failure to State Legal Claims

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to submit a "short and plain statement of the claim showing that the pleader is entitled to relief." "To meet the minimum notice pleading requirements of Rule 8, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest."

4

*Ferrato v. City of Lakewood*, No. 1:24 CV 1351, 2025 WL 1433662, at *2 (N.D. Ohio May 19, 2025) (citing *Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008)). "The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff." *Id. See Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("[F]ederal district judges have no obligation to act as counsel or paralegal" to *pro se* litigants); *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003) (district courts are not required to create a *pro se* litigant's claim for him).

Here, Foggy does not identify any federal civil claims upon which this case should proceed. Instead, he states:

> I ask the Court to simply look at this case for what it is [and the] injustices that I have endured[.] But I started the custody case because [Theison] stop[ed] letting me see my daughter … So I seek justice from this Court[,] something that I expected when I started this case over a year ago. I need justice on the federal level because I'm not getting any in the county I live in.

(ECF No. 1, PageID.10.)

Without an indication of *legal claims* that he intends to assert, Foggy's complaint fails to meet the minimum pleading requirements of Rule 8 and is therefore **DISMISSED**.

## C. The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine likely applies in this case. It is well-established that, pursuant to the *Rooker-Feldman* doctrine, the Court does not have jurisdiction to review or reverse state court judgments. *Raymond v. Moyer*, 501 F.3d 548, 550–551 (6th Cir. 2007) (quoting *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting E*xxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, (2005)); *see also Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (the *Rooker-Feldman* doctrine "prevents a state-court loser from bringing suit in federal court in order to effectively set aside the state-court judgment"). To the extent that Foggy intends to challenge a state court judgment, the Court would have to review and reverse the state court decision. Accordingly, any such allegations would also fail to state a claim upon which relief could be granted in this Court.

## V. CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Foggy's application to proceed without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §1915(e).

**SO ORDERED.**

Date: January 22, 2026

<u>s/Jonathan J.C. Grey</u>
Jonathan J.C. Grey
United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 22, 2026.

                                                                             s/ **S. Osorio**
                                                                         Sandra Osorio
                                                                         Case Manager